UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cr-20091-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILFREDO MATEO ORTIZ, *a/k/a*
JOHN DOE,

    Defendant.
_____/

**ORDER ON EXPEDITED MOTION FOR COMPASSIONATE RELEASE**

**THIS CAUSE** is before the Court upon Defendant Wilfredo Mateo Ortiz's Expedited Motion for Compassionate Release ("Motion"), ECF No. [81]. The Government filed a Response in Opposition, ("Response"), ECF No. [85]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

**I.   BACKGROUND**

In March 2022, Defendant was charged by Indictment with three Counts: (I) Making a False Statement in a Passport Application, in violation of 18 U.S.C. § 1542; (II) Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1); (III) Use of a Passport Obtained by a False Statement, in violation of 18 U.S.C. § 1542. Defendant pled guilty on March 13, 2023, and was sentenced to thirty (30) months in prison on July 28, 2023. ECF No. [78]. Defendant is eligible for home detention on March 13, 2025. ECF No. [81] at 10.

In Defendant's Motion, he explains that he has a history with prostate cancer and underwent surgery in 2014. *Id.* at 1. Defendant contends that he has had increased chest and

abdominal pain and complains of vomiting when he eats. *Id.* Defendant was admitted at Baptist Hospital on October 8, 2024 for three days. *Id.* at 1, 4. Defendant was diagnosed with extensive abdominal, retroperitoneal, and generalized lymphadenopathy. *Id.* at 4. Further, Defendant is a suspect for metastatic disease. *Id.* at 6.

The Government responds that while Defendant has been diagnosed with lymphoma, it is being managed by the Bureau of Prisons ("BOP"). ECF No. [85]. Further, the Government alleges that the pain and medical issues Defendant complains of are likely due to Defendant distributing his issued prescription medicines to other inmates. *Id.* The Government points out that BOP concluded Defendant was ineligible for a sentence reduction. *Id.*

## II. LEGAL STANDARD

The court may not modify a term of imprisonment once it has been imposed except that—
(1) in any case—
(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
(i) extraordinary and compelling reasons warrant such a reduction; …
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Case No. 22-cr-20091-BLOOM

Pursuant to United States Sentencing Guideline § 1B1.13(a), the court may reduce a term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that:

> **(1)(A)** Extraordinary and compelling reasons warrant the reduction; or
> **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> **(3)** The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(a). Guideline § 1B1.13 sets forth the six circumstances that constitute "Extraordinary and compelling reasons" warranting a sentence reduction, including:

> **(1) Medical Circumstances of the Defendant.--**
> **(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> **(B)** The defendant is--
> (i) suffering from a serious physical or medical condition,
> (ii) suffering from a serious functional or cognitive impairment, or
> (iii) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13(b)(1)(A)-(B). In order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must find as follows:

> First, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). Second, the Court should "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* Third, the Court should turn to the "extraordinary and compelling reasons" test . . . . And fourth, the Court should determine whether the

3

defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, 454 F. Supp. 3d 1236, 1238 (S.D. Fla. 2020) (emphasis omitted). "Because all three conditions—i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement—are necessary, the absence of even one would foreclose a sentence reduction." *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021).

The defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

### III. DISCUSSION

#### A. Exhaustion of Administrative Remedies

Defendant attaches his request to the warden as proof of exhaustion. ECF No. [81] at 11, 13. The Government responds that Defendant failed to exhaust his administrative remedies because BOP responded to Defendant's request on December 6, 2024, which specified that Defendant had twenty days to file an appeal. ECF No. [85] at 7.

To file a motion for a reduced sentence, Defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). On October 25, 2024, Defendant sent his request to the warden to file a compassionate release motion of his behalf. ECF No. [81] at 11, 13. Defendant filed this Motion on December 3, 2024, more than thirty days after

4

the warden's receipt of his request. Accordingly, Defendant has exhausted his administrative remedies, as more than thirty days lapsed between receipt of Defendant's request to the warden and Defendant's present Motion.

### B. Extraordinary and Compelling Reasons to Warrant Release

To qualify as "extraordinary and compelling," Defendant's medical condition must either be "serious and advanced . . . with an end of life trajectory," or serious enough that it "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *United States v. Lemy*, 2023 WL 246895, at *2 (S.D. Fla. Jan. 18, 2023) (quoting U.S.S.G. § 1B1.13).

Defendant asserts extraordinary and compelling reasons exist to warrant release because Defendant is suffering from a terminal illness. As support, Defendant attaches the medical records of his hospital admission. ECF No. [81] at 4-8. While there, Defendant was diagnosed with metastatic prostate cancer and ordered to return for a follow-up appointment in a week due to suspicious findings in Defendant's chest. *Id.* at 4, 6. Further, Defendant was prescribed several medications, including apixaban (Eliquis), bicalutamide, ondansetron, tramadol, and lisinopril. *Id.* at 7. Defendant argues that the follow-up appointment was never done, and he has not received the medicine prescribed to him. *Id.* at 9.

The Government responds that Defendant cannot prove that his medical circumstances require a reduction in sentence, and any illness he currently suffers from is being treated. ECF No. [85] at 8. The Government submits Defendant's BOP medical records, which reflect that Defendant has a PET scan and oncology appointment scheduled for early 2025, and BOP ordered medications for him. ECF No. [83-2] at 6.[1]

---

[1] On December 6, 2024, the Government filed a Motion to File Under Seal Defendant's medical records, ECF No. [83], which the Court granted, ECF No. [84].

5

"A compassionate release due to a medical condition is an extraordinary and rare event." *United States v. Rodriguez-Orejuela*, 457 F. Supp. 3d 1275, 1282 (S.D. Fla. 2020) (internal quotation and alteration omitted). "In seeking a reduced sentence under this framework, the defendant bears the burden of establishing that compassionate release is warranted." *Id.* (internal quotation omitted). Upon review of the Motion and the records submitted, Defendant has failed to establish that his condition qualifies as an extraordinary or compelling reason to warrant release.

At the outset, the Court recognizes the severity of Defendant's condition may not be known to Defendant yet, as he alleges that his follow-up appointment never occurred. *See* ECF No. [81] at 9, 4. Nevertheless, although proof of a specific prognosis of life expectancy is not required, Defendant presents no evidence that would lead the Court to conclude he is suffering from a terminal illness. The records Defendant submitted indicate that upon discharge, Defendant's vitals were stable, he was alert, and his complained of symptoms (i.e., vomiting, nausea, chest pain) were resolved. *Id.* at 4.

Defendant argues that his prescribed medications have not been provided, nor did his follow-up appointment take place. *Id.* at 3, 9. Per the hospital records submitted, Defendant was prescribed apixaban, bicalutamide, ondansetron, tramadol, and lisinopril. *Id.* at 7. Further, certain findings detected in Defendant's chest require him to return for a follow-up appointment. *Id.* at 4, 5. However, the Government provided supplemental records, which establish that, at the very least, Defendant's condition is currently being monitored and treated by BOP. For example, medications for Defendant were ordered on November 27, 2024, and further appointments with oncology and for a PET scan are scheduled in early 2025. ECF No. [83-2] at 2-3.

Thus, while the Court does not doubt that Defendant's medical condition imposes serious hardship, at this juncture, Defendant's condition does not qualify as an extraordinary or compelling

reason for compassionate release. *See, e.g.*, *Lemy*, 2023 WL 246895, at *2 (denying compassionate release to defendant who suffered from hypertension because the defendant's condition was "stable and controlled," and was being "treated and monitored by BOP medical staff"); *Rodriguez-Orejuela*, 457 F. Supp. 3d 1275, 1283 (S.D. Fla. 2020) (denying compassionate release because "all of [the defendant's] ailments have stabilized or subsided, to the point where any risk of death is not immediate or foreseeable and that he is still able to provide meaningful self-care in prison"); *United States v. Thomas*, 2020 WL 5407711, at *3 (M.D. Fla. Sept. 9, 2020) ("Although the Court is sympathetic to [the defendant's] numerous underlying health conditions . . . he has not sufficiently demonstrated that he has a serious medical condition that substantially diminishes his ability to care for himself in his facility."). Accordingly, the Court denies the Motion without prejudice to Defendant refiling should his condition fall within the meaning of § 1B1.13.

Because Defendant has not met the threshold requirements for entitlement to relief under § 3582(c)(1)(A), the Court does not consider whether the § 3553(a) factors support a reduced sentence. *See United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021).

**IV.     CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [81]**, is **DENIED**.

Case No. 22-cr-20091-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 26, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of Record

Wilfredo Mateo Ortiz
13374-280
Memphis
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 34550
Memphis, TN 38134